UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. IBARRA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-08900 EJD (PR)<br><br>**ORDER GRANTING MOTION TO STRIKE DEFICIENT CLAIMS; OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 11) |

　　　　Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at CJ2. Dkt. No. 1. On May 14, 2025, the Court screened the complaint and granted leave to amend to correct the deficiencies with respect to various claims. Dkt. No. 8. In the alternative, Plaintiff could file notice that he wished to strike the deficient claims and proceed on the cognizable claims for failure to protect and deficient medical care against Defendants Perez, Collins, Pratt, and Main. Id. at 12.

　　　　On June 12, 2025, Plaintiff filed a request to strike the deficient claims. Dkt. No. 11. The request is GRANTED. This action shall proceed on the cognizable claims identified in the Court's screening order.

**DISCUSSION**

**A.　Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.  Plaintiff's Claims

Below is the Court's discussion of the cognizable claims in the complaint from the screening order:

#### 1.  September 2024 Incident

Plaintiff claims that in September 2024, he was housed in E-pod where "classification brought back I/M R, a known enemy." Dkt. No. 1 ¶ 13, 35-36. At some prior time, Inmate "R" had "popped a bag with urine that got on Plaintiff and his legal work." Id. ¶ 15. Defendant Captain Collins asked Plaintiff if he wanted to press charges, and Plaintiff declined; Inmate "R" was moved out of E-pod. Id. ¶ 16. "Somehow" in September 2024, Inmate "R" was rehoused back to E-pod, despite defendants admitting to Plaintiff that they could not be safely housed together. Id. ¶ 18. Later that month, Plaintiff claims Defendant Deputy Perez opened the "adseg gate" where Inmate "R" was housed, which allowed Inmate "R" to run through to attack Plaintiff. Id. ¶¶ 19-21. Although he initially slipped on the wet floor, Inmate "R" got back up and assaulted Plaintiff. Id. ¶ 22. During the physical altercation, Plaintiff was injured defending himself, including his eye, lower back, and right arm. Id. ¶ 23.

##### a.  Failure to Protect

Plaintiff claims the incident with Inmate "R" was caused by Defendants' failure to protect him from harm as Inmate "R" had been making threats and "nothing [was] being done by custody, classification, Captain Collins, Chief Adams, Undersheriff Johnson, and Sheriff Miyamoto." Dkt. No. 1 ¶ 20.

The rights of civilly-committed persons are based on the Due Process Clause of the Fourteenth Amendment, such that they retain substantive liberty interests in at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint. Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982). Accordingly, Plaintiff states a cognizable claim under the Fourteenth Amendment against Defendants Perez and Collins, who were allegedly aware of Inmate "R" presenting a threat to Plaintiff and failed to act, causing the deprivation of Plaintiff's right to safety.

However, there are only conclusory allegations that Defendants Adams, Johnson, and Miyamoto were involved because there are no allegations that these defendants were personally involved in the constitutional deprivation suffered by Plaintiff or any causal connection for them to be liable. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to state a claim against them based on this incident.

### b. Deliberate Indifference to Medical Needs

Plaintiff alleges that after the above incident, Defendants Dr. Pratt and Dr. Tyler Main were called on the phone and told that Plaintiff's arm may be fractured. Dkt. No. 1 ¶ 24. However, both Defendants refused to allow Plaintiff to be transported to SFGH (San Francisco General Hospital) for x-rays and to treat Plaintiff's eye and back injuries. Id. Plaintiff alleges that their denial of appropriate medical treatment amounts to deliberate indifference. However, Plaintiff's medical claim is under the Fourteenth Amendment as a civil detainee, not the Eighth Amendment. See Jones, 393 F.3d at 932. Liberally construed, Plaintiff's allegations state a cognizable claim against Defendants Pratt and Main.

Dkt. No. 8 at 2-4. Based on Plaintiff's request to strike, this action shall proceed solely on the above identified cognizable claims, and all other claims and defendants shall be STRICKEN from the complaint.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to strike deficient claims from the complaint is GRANTED. Dkt. No. 11. This claim shall proceed solely on the following claims: (1) failure to protect claim against Defendants Perez and Collins, and (2) deliberate indifference to medical needs claim against Defendant Pratt and Main. All other claims and defendants shall be STRICKEN from the complaint. The Clerk shall terminate all other defendants from this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), and a copy of this order upon Defendants Deputy Perez, Captain Collins, Dr. Pratt and Dr. Tyler Main via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco). The Clerk shall also mail a

copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

   Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.   All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.   Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated:  June 27, 2025

EDWARD J. DAVILA
United States District Judge