UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY WALKER,
Plaintiff,

v.

SGT. IBARRA, et al.,
Defendants.

Case No. 24-cv-08900 EJD (PR)

**ORDER GRANTING MOTION FOR TERMINATING SANCTIONS**

(Docket Nos. 31, 32)

United States District Court
Northern District of California

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at CJ2. Dkt. No. 1. On June 27, 2025, the Court ordered service of the cognizable claims. Dkt. No. 12. This order addresses Defendants' motion for terminating sanctions based on Plaintiff's failure to comply with the Court's discovery order. Dkt. No. 31.

For the reasons discussed below, Defendants' motion for terminating sanctions shall be **GRANTED**.

## DISCUSSION

### A. Procedural History

Plaintiff filed this action on December 10, 2024. Dkt. No. 1. The Court screened the complaint and found it contained deficient claims. Dkt. No. 8 at 11-12. Plaintiff was directed to file an amended complaint to correct the deficiencies or notice that he wishes to strike the deficient claims and proceed on the cognizable claims. Id. at 12. Pursuant to Plaintiff's notice (Dkt. No. 11), the Court dismissed the deficient claims without prejudice

and ordered the cognizable claims served on Defendants on June 27, 2025. Dkt. No. 12. Defendant was directed to file a motion for summary judgment or other dispositive motion no later than ninety-one days from the date the order was filed. Id. at 4.

On September 30, 2025, for good cause shown, the Court granted Defendants' first motion for an extension of time to file a summary judgment until March 26, 2026. Dkt. No. 19. On January 29, 2026, Defendants filed a motion to compel discovery because Plaintiff did not respond to their interrogatories and requests for production of documents. Dkt. No. 23. On March 5, 2026, after the time for Plaintiff to file opposition passed without a response, the Court granted Defendants' motion to compel Plaintiff's response to discovery requests which had been served on October 1, 2025, more than three months before Defendants filed their motion to compel. Dkt. No. 24. Having filed no opposition, Plaintiff did not refute the declaration of Defendants' counsel regarding the steps he took to obtain compliance with discovery. See Dkt. No. 23-1. On November 7, 2025, counsel sent a follow up letter, to which Plaintiff filed no response. Accordingly, the Court found good cause to grant the motion to compel Plaintiff's response. Dkt. No. 24 at 2. Plaintiff was ordered to file discovery responses no later than twenty-eight days from the date the order was filed, *i.e.*, by April 7, 2026. Id. Plaintiff was warned that his failure to respond to Defendants' discovery in good faith may result in the Court considering a motion for more serious sanctions, including terminating sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Id. On March 19, 2026, the Court granted Plaintiff's motion for an extension of time to provide discovery responses, granting him until April 30, 2026. Dkt. No. 27. Defendants were granted further extension of time to file a dispositive motion. Dkt. No. 29.

When the deadline passed without a response from Plaintiff, Defendants filed the instant motion for terminating sanctions on August 12, 2026. Dkt. No. 31. Plaintiff filed opposition, Dkt. No. 32, and Defendants filed a reply, DKt. No. 33.

///

United States District Court
Northern District of California

**B. Motion for Terminating Sanctions**

Federal Rule of Civil Procedure 33(b)(2) provides that a party served with interrogatories must serve its answers and objections within 30 days of service. Rule 37 governs the potential consequences for a party's failure to make disclosures or otherwise cooperate in discovery. First, a requesting party may move to compel responses, as did Defendants in this action. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Rule 37 also permits the district court, in its discretion, to dismiss in whole or in part or enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v)&(vi); Computer Task Group v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

"In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Brotby, 364 F.3d at 1115 (Citations omitted). Before imposing such a substantial remedy, the district court should first implement lesser sanctions, warn the offending party of the possibility of dismissal, consider alternative lesser sanctions and determine that they are inappropriate. Id. at 1116. "Only 'willfulness, bad faith, and fault' justify terminating sanctions." Connecticut General Life v. Providence, 482 F.3d 1091, 1096 (9th Cir. 2007); see, e.g., Leon v. IDX Systems, 464 F.3d 951, 960-61 (9th Cir. 2006) (finding dismissal appropriate where party acted in bad faith in despoiling evidence under five part test).

The Court may consider lesser sanctions, like monetary sanctions. However, the problem with imposing monetary sanctions on IFP litigants, like Plaintiff, is obvious: it is difficult, if not impossible, to enforce a judgment against IFP plaintiffs because of their poverty. Moreover, imposing a monetary sanction that must be paid before plaintiff is allowed to file another IFP suit may be an unconstitutional denial of access to the courts.

United States District Court
Northern District of California

See Cotner v. Hopkins, 795 F.2d 900, 903 (10th Cir. 1986); but see Jackson, 921 F.2d at 69 (plaintiff must pay $30 sanction before filing any other lawsuit). The second option, dismissal and/or a prefiling review order, appears preferable. See, e.g., Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993) (dismissal of inmate's civil rights action with prejudice appropriate sanction for inmate's violation of Rule 11 by filing a motion not well grounded in fact); Lucien v. Breweur, 9 F.3d 26 (7th Cir. 1993) (district court may dismiss prisoner's civil rights action for failure to appear at pretrial conference).

Defendants first assert that terminating sanctions should be imposed due to Plaintiff's willful failure to provide discovery and disobedience of this Court's order. Dkt. No. 31 at 5. Counsel's efforts to gain Plaintiff's cooperation include: (1) sending Plaintiff a letter reminding him of his discovery obligations; (2) granting an extension of time without Plaintiff requesting it; and (3) advising Plaintiff that they would file a motion to compel if Plaintiff continued to fail to respond. Id. The record shows that Defendants diligently attempted to gain Plaintiff's compliance and gave him extensive time to do so. Furthermore, the Court granted Plaintiff further extension of time to comply, and yet he failed to do so. Dkt. Nos. 24, 27. Defendants then waited another three months before filing the instant motion for terminating sanctions, effectively giving Plaintiff further time to respond. Lastly, Plaintiff has been warned that terminating sanctions may be imposed if he fails to comply, and yet he has still not responded. Accordingly, the Court finds Plaintiff's failure to respond to Defendants' discovery requests is willful and indicates bad faith. See Connecticut General Life, 482 F.3d at 1096.

Defendants also assert that the factors weigh in favor of dismissal, specifically factors 1 (the public's interest), 3 (risk of prejudice to Defendants), and 5 (availability of less drastic sanctions). Dkt. No. 31 at 6-8.

In opposition, Plaintiff states that he has been continuously hospitalized at least 6-8 times since the court order compelling discovery. Dkt. No. 32 at 2. He asserts that he may have possibly confused this matter with his other pending cases, and that he has sorted

through a bin of documents and cannot locate the filings in this case. Id. Plaintiff also states that he has been "caught up" with preparing for his SVP probable cause hearing. Id. at 3. Lastly, he contends that he called Defendants' counsel twice, and was told to call back because he was in a meeting. Id. at 4. Plaintiff states counsel never called him back. Id. He asserts that there has been no attempt to meet and confer. Id.

In reply, Defendants assert that none of Plaintiff's arguments excuse his ongoing failure, especially when considering he had almost one year to respond. Dkt. No. 33 at 2. Defendants contend Plaintiff has provided no legitimate justification for his behavior, and his opposition demonstrates that while he is willing to repeatedly claim he has "every intention" of providing discovery, he actually does not plan to because his opposition would have included the responses at issue. Id. Defendants assert that granting Plaintiff further time to response will have no effect on Plaintiff's behavior, and that dismissal is the only appropriate sanction. Id.

After considering the five factors under Brotby, 364 F.3d at 1115, the Court finds they weigh in favor of dismissal. The first two factors -- the public's interest in the expeditious resolution of litigation and the court's need to manage its docket – both weigh in favor of dismissal. This case involves serious claims of failure to protect and deliberate indifference by state employees which are therefore of particular public concern and should be expeditiously resolved without wasting public resources. However, this matter has made little progress since the Court ordered service of the action on Defendants on June 27, 2025, over 16 months ago, due mostly to Plaintiff's lack of cooperation and utter noncompliance regarding discovery.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because the passage of time "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (citation omitted). Furthermore, Plaintiff's refusal to respond to Defendants' discovery prevents them from developing a defense or determine whether summary

judgment is appropriate, as it may contain critical information about his claims and the evidence that allegedly supports them. Dkt. No. 31 at 7.

Lastly, the Court finds that lesser sanctions are not appropriate. As discussed above, monetary sanctions are simply ineffective and impossible to enforce against an indigent litigant like Plaintiff. See supra at 3-4. Furthermore, Plaintiff has clearly demonstrated his unwillingness to comply with Defendants' discovery request and failed to comply with the court order compelling his response. Plaintiff asserts that he may have confused this matter with other cases, but managing his various cases is his responsibility and he has been given extensive time to do so. Plaintiff mentions for the first time his effort to reach counsel while failing to raise it in an opposition to Defendants' motion to compel or in his request for an extension of time to comply with discovery. Dkt. No. 25. Plaintiff's request for an extension of time indicates that he was aware of his obligation to respond to discovery in this matter. Dkt. No. 25. Per his request, the Court also provided him with a copy of the dockets for his several pending cases, so he had current information as to the progress of each case. Dkt. No. 27. Moreover, the Court notes that Plaintiff filed several other lawsuits during this time, which demonstrates that he was able and willing to actively litigate other matters but that this action is simply not important to him. See Walker v. Perez, et al., Case No. 25-04421, Walker v. Sgt. Ibarra, et al., Case No. 25-07745, and Walker v. Clemenzi, et al., Case No. 26-10994. The Court must manage its docket efficiently and expeditiously, and Plaintiff has several other pending cases that require attention. Therefore, dismissal of this stalled matter is the preferable, and perhaps the only available, sanction under these circumstances. Although the public policy of favoring disposition of cases on the merits weighs against dismissal, all the other factors clearly outweigh this factor. Accordingly, Defendants' motion for terminating sanctions shall be granted.

///

///

United States District Court
Northern District of California

**CONCLUSION**

Based on the foregoing, Defendants Perez, Collins, Pratt, and Main's motion for terminating sanctions is **GRANTED**. Dkt. No. 31. This action is **DISMISSED with prejudice** in its entirety for Plaintiff's failure to provide discovery responses in violation of the Court's discovery order, Dkt. No. 24, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff's "motion" in opposition shall be terminated. Dkt. No. 32.

This order terminates Docket Nos. 31 and 32.

**IT IS SO ORDERED.**

DATED: October 29, 2026

EDWARD J. DAVILA
United States District Judge